IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| VERNEL TITUS § | |
| and SUSAN TITUS, § | |
| Plaintiffs, § | |
| § | |
| v. § | CIVIL CASE NO. 3:18-CV-1680-D-BK |
| § | |
| ALONZO TISDALE, § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was referred to the United States magistrate judge. For the reasons stated here, this action should be **REMANDED** to the state court *sua sponte* for failure to pay the filing fee or submit a fully completed motion to proceed *in forma pauperis*.

On June 27, 2018, Defendant Alonzo Tisdale, who is proceeding without the assistance of counsel, filed (1) a *Notice of Removal* and (2) an *Application to Proceed in District Court Without Prepaying Fees or Costs*. Doc. 3; Doc. 4. Tisdale seeks to remove the civil action filed in Dallas County case number DC 07-02737 to this Court. However, his attempt at removal is deficient in a several ways.

Tisdale's *Application* is blank and, thus, insufficient to determine whether he is entitled to proceed *in forma pauperis*. In addition, his *Notice of Removal* is difficult to decipher and facially nonsensical. Tisdale also failed to provide Plaintiffs' mailing address and did not serve a copy of the Notice of Removal on Plaintiffs as required by FED. R. CIV. P. 5(a). Moreover, the *Notice of Removal* failed to provide, as required, "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant

or defendants in such action." *See* 28 U.S.C. § 1446(a) (setting out procedures for removing a civil action); Local Rule 81.1(a)(4) (listing documents to be included with a notice of removal in a civil case).

Thus, on July 11, 2018, the Court issued a deficiency order requiring Tisdale to correct the noted deficiencies. The order advised Tisdale that the deadline for his response was August 1, 2018, and that failure to comply could result in remand of the case to the court from which it was removed. Doc. 5. On July 30, 2018, Tisdale only filed a motion to proceed *in forma pauperis*, which was again insufficient because it provided no financial information. Doc. 6.

Consequently, on August 23, 2018, the Court issued a second deficiency order, requiring Tisdale to comply with the Court's deficiency order in its entirety to the extent that he intended to proceed with his notice of removal. Doc. 7. The order also extended Tisdale's deadline for compliance to September 13, 2018 and, as previously, advised him that failure to comply could result in remand. As of the date of this recommendation, however, Tisdale has not responded to the Court's orders, nor has he sought an extension of time to do so.

Because Tisdale has failed to file a completed motion to proceed *in forma pauperis* or pay the filing fee, Tisdale's motion to proceed *in forma pauperis* should be denied and this case should be remanded to the 298th Judicial District Court of Dallas County, Texas, case number DC 07-02737. Doc. 6.

**SO RECOMMENDED** on September 17, 2018.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

_/s/ Renee Harris Toliver_
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE